UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENAN MARTINEZ,<br>　　　　Petitioner,<br>　v.<br>STUART SHERMAN,<br>　　　　Respondent. | Case No. 16-cv-04909-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 1, 2, 3, 7 |

Renan Martinez filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Martinez's request for appointment of counsel and application to proceed *in forma pauperis* also are before the court for consideration.

**BACKGROUND**

Martinez was convicted in Santa Clara County Superior Court of second degree murder and was found to have suffered prior convictions. On February 8, 2013, he was sentenced to a total of thirty years to life in prison.

Martinez appealed. His conviction was affirmed by the California Court of Appeal on February 9, 2016, and his petition for review was denied by the California Supreme Court on May 25, 2016. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Martinez's constitutional rights to present a defense and to due process were violated when the trial court refused to instruct on less culpable offenses and precluded defense counsel from arguing the defense theory of the case while permitting certain argument by the prosecutor; (2) the trial court's refusal to instruct on manslaughter violated Martinez's right to due process; (3) "the unequal treatment of the defense counsel's and prosecutor's requests [for] instructions and argument on uncharged mental states violated [p]etitioner's federal due process rights," Docket No. 1 at 15; (4) "any advice from counsel that there was a reasonable probability of acquittal was unsound," and infected Martinez's decision to refuse a plea offer, *id.* at 16; (5) "because state law entitled petitioner to instructions on manslaughter, the state courts could not apply a narrower definition of manslaughter retroactively to petitioner," *id.* at 17 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964)); (6) the admission of prejudicial evidence of prior bad acts was "federal constitutional error," *id.* at 18; and (7) the cumulative effect of the foregoing errors warrants relief. Liberally construed, the claims appear to be cognizable in a federal habeas action and warrant a response.

The petition states that it "incorporates by reference" the "entire record" of Martinez's state court proceedings. Docket No. 1 at 20. The global incorporation by reference of state court records is unacceptable because this court does not have full and ready access to state court records. A federal habeas court relies on the parties to file a copy of the portions of the state court

records they want the federal habeas court to consider. Typically, and here, the respondent is ordered to file a copy of all portions of the state court record that have been transcribed and are relevant to the issues presented by the petition. As a result, a petitioner usually does not have to provide any part of the state court record, but if he wants this court to consider a part of the state court record that respondent does not file, the petitioner must file with his traverse a copy of only that part of the state court record.

Martinez has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action in which the issues were briefed by counsel on appeal. The request for appointment of counsel is DENIED. Docket No. 3.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 10, 2017**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 10, 2017**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's request for appointment of counsel is DENIED. Docket No. 3

8. Petitioner's *in forma pauperis* application is GRANTED. Docket Nos. 2, 7.

**IT IS SO ORDERED**.

Dated: December 5, 2016

_____
SUSAN ILLSTON
United States District Judge