UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENAN MARTINEZ,<br>　　　　Petitioner,<br>　　v.<br>STUART SHERMAN,<br>　　　　Respondent. | Case No. 16-cv-04909-SI<br><br>**ORDER DENYING REQUESTS FOR CERTIFICATE OF APPEALABILITY AND APPOINTMENT OF COUNSEL**<br>Re: Dkt. No. 21 |

　　Petitioner has requested a certificate of appealability in this action in which the court denied his petition for writ of habeas corpus. This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Accordingly, a certificate of appealability is DENIED. Docket No. 21.

　　The court notes with dismay that the request for certificate of appealability prepared by counsel has several significant errors. First, Petitioner argues that the "trial court allowed the prosecutor an instruction on uncharged crime of first degree murder." Docket No. 21 at 2; *see also id.* at 4. The jury was not instructed on first degree murder, as this court explained in the order denying the petition for writ of habeas corpus. *See* Docket No. 19 at 21-22. Petitioner's counsel apparently remains unaware that express malice is not the hallmark of first degree murder in California. *See generally* Cal. Penal Code § 189. Second, petitioner argues that an issue in this case is "controlled by *Conde v. Henry*," 198 F.3d 734 (9th Cir. 2000). Docket No. 21 at 2. *Conde* is not "clearly established law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and therefore does not "control" anything in this case governed by § 2254(d)(1). Third, petitioner claims that the prosecutor "conceded that the case for second

degree murder was weak." Docket No. 21 at 2.  There was no such concession by the prosecutor, as discussed at length in the order denying the petition for writ of habeas corpus. *See* Docket No. 19 at 24-27.  Fourth, petitioner urges that the state appellate court ruled "that the prosecutor was misleading the trial court and Petitioner and defense counsel, and that the prosecutor's words were meaningless." Docket No. 21 at 4.  There was no such ruling by the state appellate court, as discussed at length in the order denying the petition for writ of habeas corpus. *See* Docket No. 19 at 24-27.  These sorts of errors should not be made at all by counsel, and certainly should not be made again in the same court that already explained (in the order denying the petition) why the statements were erroneous.

Petitioner's application to proceed *in forma pauperis* on appeal is DISMISSED as unnecessary.  Docket No. 21.  This court already granted petitioner's *in forma pauperis* application, and *in forma pauperis* status will continue on appeal.

Petitioner has requested appointment of counsel to represent him on appeal.  A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.*  The interests of justice do not require appointment of counsel in this action.  The renewed request for appointment of counsel is DENIED.  Docket No. 21.

Any further motions should be made to the United States Court of Appeals.

**IT IS SO ORDERED**.

Dated:  April 16, 2018

_____
SUSAN ILLSTON
United States District Judge